## The Commonwealth *against* Brannon et al.

The circuit court has not jurisdiction of criminal cases which originate in the mayor's court of the city of Pittsburgh.

FETTERMAN moved for the allowance of a *habeas corpus* to remove into the circuit court an indictment against the defendants for an assault and battery with an intent to murder, depending in the mayor's court of the city of Pittsburg.

PER CURIAM.—By the fourth section of the act of 1799 constituting the circuit court, the judges are empowered "*to try any capital or other criminal case which shall have been removed into the said circuit court in the manner which now is, or hereafter may be, directed by law, though not sitting as a court of oyer and terminer, upon any indictment which may have been found at any county court of oyer and terminer or sessions of the peace.*" Though a mayor's court is, to some purposes, a court of quarter sessions, having the jurisdiction of one as to offences committed within the limits of the city, it is not a county, but a corporation court; and therefore not within the letter of the act. Nor is it within the meaning; for it has jurisdiction also of local matters of police, and it was not intended to burthen the ordinary courts with the trial of these. The point is not new, having been ruled in the Commonwealth *v.* Lightner, at a circuit court for Lancaster in April last, when a *habeas corpus*, removing an indictment from the mayor's court of that city, was quashed. There is no provision in the charter of Pittsburgh to authorise such a removal, and we are clearly of opinion that the circuit court has not jurisdiction.

*Fetterman* took nothing by his motion.